OPINION OF THE COURT
 

 Chief Judge Kaye.
 

 Defendant was charged with burglarizing two houses in April 1991 and stealing, among other things, two 12-gauge shotguns, ammunition, two diamond rings and a stereo set. After a jury trial, he was convicted of first-degree robbery, first- and second-degree burglary, criminal possession of stolen property in the fourth and fifth degrees, and grand larceny in the fourth degree. Supreme Court sentenced defendant, as a persistent violent felony offender, to concurrent indeterminate prison terms of 25 years to life on the first-degree robbery and first-degree burglary counts, to run consecutively to a sentence of 20 years to life on the second-degree burglary count. In addition, the court sentenced defendant, as a second felony offender, to concurrent two-to-four-year terms on the fourth-degree possession of stolen property and grand larceny counts. Finally, defendant received a one-year sentence on the fifth-degree pos
 
 *175
 
 session of stolen property count. Defendant’s aggregate sentence totaled 45 years to life.
 

 In imposing sentence, the Trial Judge recounted defendant’s criminal history, including his prior convictions in Georgia, North Carolina and New York, and added that defendant was “being held accountable * * * for the things that [he had] done in [his] life.” The court described defendant as “a confrontational burglar,” “any homeowner’s worst nightmare” and “a clear threat * * * to the community.” The Judge further noted that, although defendant had attempted to downplay his criminal record, “there is no forgetting the past when it comes to applying [the persistent violent felony offender] statute.”
 

 The Appellate Division reversed defendant’s conviction, holding that his confession was the product of an unlawful arrest
 
 (People v Young,
 
 202 AD2d 1024). Following retrial before a different Judge on all but the fifth-degree stolen property count, defendant was convicted of criminal possession of stolen property in the fourth degree and acquitted of the remaining counts. Prior to sentencing, the second Trial Judge adjudicated defendant a persistent felony offender, based on prior felony convictions for murder in North Carolina and burglary in Georgia (predicate convictions that had formed the basis for defendant’s initial persistent violent felony offender sentence). In support of that adjudication, the court observed that defendant’s criminal record dated back 21 years, to 1974, when he was convicted of the Georgia burglary. The Judge then recounted defendant’s 1975 murder conviction in North Carolina and, following parole in 1985, his series of crimes in New York between 1986 and 1990. The Judge observed that “defendant has maintained to the present time a consistent pattern of criminal conduct and behavior;” and that since his release on parole, “defendant has maintained a virtually uninterrupted period of time when he has engaged in criminal conduct except for his period of imprisonment.” Further, the court noted that, based on defendant’s admissions to the police, the presentence investigation concluded that defendant had committed between 140 and 150 burglaries.
 

 The Judge then sentenced defendant, as a persistent felony offender, to an indeterminate prison term of 25 years to life, stating that he was not “imposing any sentence upon [defendant] for a crime for which [defendant was] acquitted.” Rather, the sentence was based “solely and exclusively [on] those convictions that I have already referred to, not only presently, but those I have found in your past to be determinative of this sentence.” The court continued:
 

 
 *176
 
 “[B]ased upon everything I have considered * * * there is no question in my mind that you require a lengthy period of incarceration, including possible lifetime supervision. There is also no question in my mind, since I have had the opportunity to review all the papers before me and make the findings * * * that you are a scourge to the community. I don’t have any question whatsoever on that particular point.”
 

 On appeal, defendant contends that, under
 
 People v Van Pelt
 
 (76 NY2d 156) and
 
 North Carolina v Pearce
 
 (395 US 711), his sentence after retrial was presumptively vindictive, because he received a greater term of imprisonment for the fourth-degree stolen property count than after his first trial. The Appellate Division rejected the claim, stating that defendant “did not receive an increased sentence following retrial,” and that the “appropriate comparison is not between sentences imposed on any single count, but between the aggregate sentences imposed originally and upon reconviction.” (255 AD2d 907, 908.) Further, the Appellate Division held that “a lengthier sentence may be imposed upon specific counts following retrial where, as here, the lengthier sentence is the product of a first-time determination that defendant is a predicate felon.” We affirm, although for somewhat different reasons.
 

 Discussion
 

 It is a well-settled principle that criminal defendants should not be penalized for exercising their right to appeal. “To punish a person because he has done what the law plainly allows him to do is a due process violation ‘of the most basic sort’ ”
 
 (United States v Goodwin,
 
 457 US 368, 372, quoting
 
 Bordenkircher v Hayes,
 
 434 US 357, 363). In order to insure that trial courts do not impose longer sentences to punish defendants for taking an appeal, a presumption of vindictiveness generally arises when defendants who have won appellate reversals are given greater sentences after their retrials than were imposed after their initial convictions
 
 (see, People v Van Pelt, supra,
 
 76 NY2d 156;
 
 North Carolina v Pearce, supra,
 
 395 US 711). In
 
 North Carolina v Pearce,
 
 the Supreme Court held that when a defendant is sentenced to a longer term after retrial, “the reasons for [the enhanced sentence] * * * must affirmatively appear” (395 US, at 726). Furthermore, “[t]hose reasons must be based on objective information concerning identifiable conduct on the part of the defendant occurring after the time of
 
 *177
 
 the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal”
 
 (id,.; see also, People v Van Pelt, supra,
 
 76 NY2d, at 159-160).
 

 While
 
 Pearce
 
 “appeared on its face to announce a rule of sweeping dimension,” subsequent decisions by this Court and the United States Supreme Court have “made clear that [the] presumption of vindictiveness ‘do[es] not apply in every case where a convicted defendant receives a higher sentence on retrial’ ”
 
 (Alabama v Smith,
 
 490 US 794, 799, quoting
 
 Texas v McCullough,
 
 475 US 134, 138). The evil that
 
 Pearce
 
 sought to prevent “was not the imposition of enlarged sentences after a new trial but vindictiveness of a sentencing judge”
 
 (id.
 
 [internal quotations and citations omitted]). With this goal in mind, in several cases decided after
 
 Pearce,
 
 this Court and the Supreme Court have “sought to separate the situations which will give rise to a presumption of vindictiveness that must be rebutted by the prosecutor or sentencing authority from those which do not and, therefore, require the defendant affirmatively to establish actual vindictiveness”
 
 (People v Miller,
 
 65 NY2d 502, 507-508,
 
 cert denied
 
 474 US 951).
 

 In
 
 Miller,
 
 this Court held that the presumption did not arise where the defendant received a greater sentence after trial than after his guilty plea, which had been reversed on appeal. We reasoned that a greater sentence was justified because, by seeking to vacate his plea and proceeding to trial, the defendant “imposed upon the victim the trauma” of testifying
 
 (People v Miller, supra,
 
 65 NY2d, at 509). Accordingly, we declared that “the defendant should not be heard to complain that a higher sentence [was] imposed after conviction following retrial at which, by requiring that the victim testify, he has removed from consideration the element of discretion involved”
 
 (id.; see also, Alabama v Smith, supra,
 
 490 US, at 801 [“when a greater penalty is imposed after trial than was imposed after a prior guilty plea, the increase in sentence is not more likely than not attributable to * * * vindictiveness”]).
 

 Miller
 
 made clear that the presumption does not arise simply because a defendant received a greater sentence on retrial. Rather, what “triggers the presumption is the opportunity which the particular situation presents for vindictiveness and the reasonable likelihood that the prosecutor or sentencing authority is improperly motivated by what has occurred”
 
 (People v Miller, supra,
 
 65 NY2d, at 508). Similarly, the
 
 *178
 
 Supreme Court has held that the presumption does not arise in other instances where, although there was an “opportunity” for vindictiveness, there was not a “realistic likelihood” that the enhanced sentence was the result of impermissible vindictiveness
 
 (United States v Goodwin, supra,
 
 457 US, at 384 [no presumption of vindictiveness where defendant was charged with a felony after refusing to plead guilty to misdemeanor charges];
 
 see also, Colten v Kentucky,
 
 407 US 104, 117-120 [no presumption of vindictiveness where, following conviction in inferior court, defendant sought trial de novo in superior court under Kentucky’s two-tiered system and received greater sentence]). Where there is no “reasonable likelihood” of vindictiveness, “the burden remains upon the defendant to prove actual vindictiveness”
 
 (Alabama v Smith, supra,
 
 490 US, at 799-800).
 

 Here we conclude that no presumption of vindictiveness arose from defendant’s sentence. As an initial matter, we note that defendant’s sentence after retrial was imposed by a different Judge than his original sentence. Under Federal constitutional law, that alone would be fatal to defendant’s claim, because the
 
 Pearce
 
 presumption does not apply where a different Judge imposes the longer sentence
 
 (see, Texas v McCullough, supra,
 
 475 US 134;
 
 Chaffin v Stynchcombe,
 
 412 US 17). As a matter of State constitutional law, however, that “a different Judge imposes the second sentence is but a factor to be weighed with others in assaying whether the presumption has been overcome”
 
 (People v Van Pelt, supra,
 
 76 NY2d, at 161).
 

 It is an open question whether a presumption of vindictiveness arises where a defendant receives a lesser over-all sentence following retrial, but a greater sentence on an individual count. Here, defendant’s aggregate sentence after retrial of 25 years to life was lower than his original aggregate sentence of 45 years to life, but his sentence on the fourth-degree stolen property count was significantly greater after retrial (25 years to life) than after his initial conviction (two to four years).
 

 The People argue that, under these circumstances, defendant’s sentence should be viewed as a package, and that the presumption of vindictiveness should not arise because defendant did not receive a greater aggregate sentence after retrial. A majority of the Federal Circuit Courts have adopted this view
 
 (see, United States v Campbell,
 
 106 F3d 64, 68 [collecting cases]), as well as two Departments of the Appellate Division
 
 (see, People v Justice,
 
 202 AD2d 981 [4th Dept],
 
 Iv denied
 
 83
 
 *179
 
 NY2d 968;
 
 People v Acevedo,
 
 224 AD2d 727 [3d Dept],
 
 Iv denied
 
 88 NY2d 875).
 
 [1]
 
 Defendant, by contrast, urges that we evaluate his sentence count by count, and that the presumption of vindictiveness should arise whenever a greater sentence is imposed after retrial on any individual count. The First Department has adopted this view
 
 (see, People v Cwikla,
 
 60 AD2d 40, 48,
 
 revd on other grounds
 
 46 NY2d 434;
 
 see also, People v Gonzalez,
 
 262 AD2d 37).
 

 We decline to adopt either the “aggregate” or the “count-by-count” approach as an intractable rule. As noted, the presumption arises when there is not only opportunity but also a “reasonable likelihood” that the longer sentence was the result of vindictiveness
 
 (see, People v Miller, supra,
 
 65 NY2d, at 508;
 
 United States v Goodwin, supra,
 
 457 US, at 384). While it is necessary to insure that the sentencing process is free of vindictiveness, “the State’s interest in preserving the flexibility and discretion of sentencing courts should not be diluted”
 
 (People v Van Pelt, supra,
 
 76 NY2d, at 163). Thus, where a defendant receives a greater sentence on an individual count, but an equal, or lesser over-all sentence, courts must examine the record to determine whether there is a reasonable likelihood that the enhanced sentence on the individual count was the result of vindictiveness.
 

 Here, the record establishes that there was no reasonable likelihood of vindictiveness. As the court recounted, the single most important factor in the sentencing determination was defendant’s extensive criminal record, which dated back to 1974 and included convictions for murder, robbery and burglary. The Judge observed that defendant was a convicted murderer and career criminal who specialized in burglaries and engaged in violent confrontations with residents of the houses he burglarized. The aggregate sentence of 45 years to
 
 *180
 
 life imposed after defendant’s first trial reflected the court’s stated belief that defendant deserved a very lengthy period of incarceration.
 

 In order to achieve its over-all sentencing goal following the first trial, however, it was not necessary for the Trial Judge to impose a lengthy sentence on the fourth-degree criminal possession of stolen property count. Rather, the court was able to rely on the first-degree robbery, first-degree burglary and second-degree burglary charges, each of which was a violent felony offense, and for each of which defendant could be sentenced, as a persistent violent felony offender, to a term of 25 years to life
 
 (see,
 
 Penal Law § 70.02 [1] [a]-[b]; § 70.08 [3] [a]-[b]). Further, by operation of law, the maximum sentence defendant could have received was 50 years to life
 
 (see,
 
 Penal Law § 70.30 [1] [c] [iii]). Thus, the trial court was able to impose its desired sentence solely through the burglary and robbery counts; the sentence imposed on the fourth-degree stolen property count had no practical consequence. Under these circumstances, neither the People nor the court found it necessary to have defendant adjudicated a persistent felony offender as to the stolen property count, despite defendant’s eligibility. Thus, defendant was sentenced as a second felony offender on that count, and a sentence of two to four years was imposed.
 

 Following defendant’s second trial, the landscape changed dramatically. Defendant was acquitted of the robbery and burglary charges and convicted only of criminal possession of stolen property in the fourth degree. Defendant’s original sentence of two to four years on that count did not reflect his criminal history. Moreover, that count — which had been largely irrelevant to the original sentencing calculus — now became the sole means through which to fashion an appropriate sentence. Thus, while it had been unnecessary to do so before, the court adjudicated defendant a persistent felony offender as to that count and imposed a new sentence (25 years to life) commensurate with that adjudication. The court explained that it imposed the new sentence because of defendant’s extensive history of convictions for violent crimes and his admission to the police that he had committed 140 to 150 additional burglaries. The court stressed that defendant’s lengthy, violent criminal history was the driving force behind its sentencing decision. Thus, based on this record, there is no reasonable
 
 *181
 
 likelihood that the modification of defendant’s sentence was the result of vindictiveness.
 

 [2]
 

 Notably, courts have upheld adjustments of sentences under circumstances similar to those before us. In
 
 Knapp v Leonardo
 
 (46 F3d 170 [2d Cir],
 
 cert denied
 
 515 US 1136), the defendant was initially convicted of murder and sentenced to a prison term of 25 years to life. On retrial, he was convicted of manslaughter, which carried a maximum sentence of 15 years. However, the trial court adjudicated defendant a persistent felony offender (which had not been done after the first trial, because it would not have affected his sentence) and sentenced him, once again, to 25 years to life. The Second Circuit held that this sentence was proper, reasoning that it would have been “superfluous” to sentence defendant as a persistent felony offender after the first trial, and “[t]he persistent felony offender classification was particularly suitable in this case in view of [defendant’s] egregious criminal history”
 
 (id.,
 
 at 180;
 
 see also, People v Palmer,
 
 176 AD2d 995 [3d Dept] [Levine, J.] [upholding enhanced sentence on individual counts, but lesser aggregate sentence, where defendant was adjudicated a second felony offender for the first time after retrial],
 
 Iv denied
 
 79 NY2d 951).
 

 We do not hold that a presumption of vindictiveness will never arise when a greater sentence on an individual count, but an equal or lesser aggregate sentence, is imposed after retrial. Rather, we simply hold that in such cases, the presumption arises only if the circumstances evince a reasonable likelihood that the greater sentence on the individual count was the result of vindictiveness
 
 (see, People v Miller, supra,
 
 65 NY2d, at 508;
 
 Alabama v Smith, supra,
 
 490 US, at 799-800). While trial courts in New York are required to impose discrete sentences for each individual count
 
 (see,
 
 CPL 380.20), we cannot ignore the reality that, in cases involving multiple counts, trial courts may view the individual sentences as part of an integrated whole. A trial court fashions its sentence on a “delicate balancing” of factors, including the defendant’s background, criminal history and prospects for rehabilitation, in order to achieve a sentence that is appropriate both for the defendant and for the specific crimes of which the defendant
 
 *182
 
 was convicted
 
 (see generally, People v Farrar,
 
 52 NY2d 302, 305-306). Where, as here, a trial court adjusts the original sentence after retrial in order to reflect that balance, a presumption of vindictiveness will not arise.
 

 Defendant’s argument that permitting a flexible approach would deter appeals is unconvincing. Defendant received a substantial benefit from appealing his conviction: a 20-year reduction in his aggregate sentence. Contrary to defendant’s contention, we do not believe that a defendant would be discouraged from appealing, or from raising any meritorious issues relating to specific counts, by the prospect that the sentence imposed on retrial would be lesser in the aggregate but greater as to one or two individual counts. Moreover, under the approach we adopt today, the presumption of vindictiveness would arise where the record does not provide an explanation — unrelated to vindictiveness — for any enhancement of individual sentences.
 

 Finally, there is no anomaly in the fact that we examine the likelihood of vindictiveness in order to determine whether the presumption arises. Once the presumption arises, it can be rebutted only if the trial court identifies reasons “based on objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding”
 
 (North Carolina v Pearce, supra,
 
 395 US, at 726). Thus, our precedents, and those of the Supreme Court, have held that the presumption arises only when the circumstances evince a reasonable likelihood of vindictiveness. Here, because the circumstances indicate not a reasonable likelihood of vindictiveness, but rather an exercise of the flexibility and discretion vital to sentencing courts, the presumption does not arise.
 

 Accordingly, the order of the Appellate Division should be affirmed.
 

 Judges Bellacosa, Smith, Levine, Ciparick and Rosenblatt concur; Judge Wesley taking no part.
 

 Order affirmed.
 

 [1]
 

 . Eight Federal Circuits have adopted the aggregate approach (see,
 
 United States v Pimienta-Redondo,
 
 874 F2d 9, 15 [1st Cir],
 
 cert denied
 
 493 US 890;
 
 Kelly v Neubert,
 
 898 F2d 15, 16 [3d Cir];
 
 United States v Gray,
 
 852 F2d 136, 138 [4th Cir];
 
 United States v Campbell, supra,
 
 106 F3d 64, 68 [5th Cir];
 
 United States v Mancari,
 
 914 F2d 1014, 1021-1022 [7th Cir],
 
 cert denied
 
 499 US 924;
 
 United States v Bay,
 
 820 F2d 1511, 1513 [9th Cir];
 
 United States v Sullivan,
 
 967 F2d 370, 374 [10th Cir],
 
 cert denied
 
 506 US 900, 1066;
 
 United States v Townsend,
 
 178 F3d 558, 566-570 [DC Cir]). Two Circuits have adopted the “remainder aggregate” approach, under which the courts compare the aggregate sentence for the counts on which the defendant was convicted on retrial to the original aggregate sentence for those same counts
 
 (see, United States v Monaco,
 
 702 F2d 860, 885 [11th Cir];
 
 United States v Markus,
 
 603 F2d 409, 413 [2d Cir]).
 

 [2]
 

 . The court also noted that defendant had an intervening conviction for first-degree robbery and first-degree burglary, which would independently justify the enhanced sentence (see,
 
 Wasman v United States,
 
 468 US 559, 569-570). That conviction was later reversed on appeal, and we do not consider it.