■ The People of the State of New York, Respondent, v Jose Valenzuela, Appellant. [710 NYS2d 47] —Judgment, Supreme Court, New York County (Herbert Adlerberg, J.), rendered February 18, 1997, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the second degree, and sentencing him, as a second felony offender, to a term of 8 years to life, unanimously affirmed.

Defendant was originally convicted after trial of criminal sale of a controlled substance in the first degree and criminal possession of a controlled substance in the first degree and was sentenced to concurrent terms of 25 years to life with the

mandatory surcharge waived. The conviction was later reversed by this Court (234 AD2d 193) and defendant pleaded guilty, before a different Justice, to criminal sale in the second degree and received the above sentence with the mandatory surcharge imposed. Contrary to defendant's contentions, there was no reasonable likelihood that the imposition of the $100 surcharge was the product of vindictiveness (see, People v Young, 94 NY2d 171), as the sentence imposed upon the plea was far more lenient than the sentence that was originally imposed after trial. Moreover, the lack of merit of defendant's "vindictiveness" claim is underscored by the fact that, at sentencing, the court recommended defendant for early release on parole. Furthermore, the law of the case doctrine has no applicability to the instant situation (see, People v Evans, 94 NY2d 499). We have considered and rejected defendant's remaining claims. Concur—Nardelli, J. P., Ellerin, Wallach, Saxe and Buckley, JJ.