OPINION OF THE COURT
Dominic R. Massaro, J.
On July 20, 2000, Daniel Johnson was convicted by a jury of *106 his peers of the crime of manslaughter in the second degree (Penal Law § 125.15 [1]). An indeterminate sentence as a first felony offender of from 5 to 15 years’ imprisonment was thereafter imposed. By way of CPL 440.10 (1), a postjudgment motion enumerating Rosario and Brady violations, the court granted defendant’s petition on or about September 17, 2001 to vacate his conviction. On November 8, 2001, following a second jury trial, Mr. Johnson was convicted of gang assault in the second degree (Penal Law § 120.06).
The People presently recommend an indeterminate sentence of from 71/2 to 15 years’ imprisonment based on the latter conviction. Defendant, in turn, moves to constrain the court to impose a sentence of not more than an indeterminate sentence of from 5 to 10 years’ imprisonment. He postures that to do otherwise, that is, to impose any additional minimum sentence other than that previously imposed, will reflect impermissible judicial vindictiveness. This concept holds forth “[t]he principle that a sentencing Judge may not increase punishment on retrial in retaliation for defendant’s successful attack on a prior conviction * * * ” (People v Cwikla, 60 AD2d 40, 50 [1st Dept 1977] [Markwich, J., concurring op], revd on other grounds 46 NY2d 434 [1979]). The court finds such constraint unwarranted here; the prayed for relief is denied.
Judicial Vindictiveness
It is a well-settled principle that criminal defendants should not be penalized for exercising their right to appeal (see United States v Goodwin, 457 US 368 [1982]). To insure that trial courts do not impose longer sentences to punish defendants for taking an appeal, a presumption of vindictiveness is said to arise when defendants who have won appellate reversals are given greater sentences after retrial than those initially imposed upon earlier conviction.
Defendant cites People v Young (94 NY2d 171 [1999]) and People v Van Pelt (76 NY2d 156 [1990]) in support of this proposition. His reliance thereon is misplaced. Young and Van Pelt speak of defendants who had been tried, convicted and, following appeal, were successful in overturning their convictions. Each case was remanded on reversal by a reviewing authority. The instant circumstance is proeedurally distinct. There is no appellate review or remand of a case involved here. Vacatur of judgment was sought from and granted by the same court that had earlier tried and convicted *107 defendant. To suggest a basis for vindictiveness in such a scenario does not make for a compelling argument.
Furthermore, our Court of Appeals has instructed that a “presumption of vindictiveness would arise where the record does not provide an explanation — unrelated to vindictiveness— for any enhancement of individual sentences” (People v Young, supra at 182; see also, North Carolina v Pearce, 395 US 711 [1969]). Defendant claims that “the jury had a full and fair opportunity to consider Gang Assault in the Second Degree” at his first trial. He is incorrect. It is true that this crime was among those originally lodged against Mr. Johnson, but the jury there was specifically directed not to consider it in the rendering of its verdict(s). Thus, defendant was not “in direct peril of being convicted and punished [for said charge] at his first trial” and therefore not “forced to run the gauntlet [twice]” for the same offense (Green v United States, 355 US 184, 190 [1957]). It is only in the second trial that Mr. Johnson was so exposed, that the jury conducted for the first time deliberation on the gang assault charge. There is neither a constitutional defense of former jeopardy to a second prosecution nor any basis for sentence comparison between Mr. Johnson’s two convictions. Each was for a different crime (as opposed, for instance, to different degrees of the same crime) and subject to a different sentencing scheme (as opposed, for instance, to sentencing for the second time upon reconviction for the same crime). Thus, the propriety of increased punishment is not at issue.
Statutory Authority
The presumption of vindictiveness is also “rebuttable by articulation that the increased sentence was premised on cognizable and temporally relevant data” (People v Van Pelt, supra at 163). Van Pelt points to a balance in due process protections against presumptive vindictiveness with a desire “in preserving the flexibility and discretion of sentencing courts” (id.; see also, People v Rogner, 285 AB2d 749 [3d Dept 2001]).
In this instance, any increased sentence to be imposed on defendant for the conviction of gang assault in the second degree (Penal Law § 120.06) is warranted in light of legislative intent. In the first trial, Mr. Johnson’s conviction of manslaughter in the second degree (Penal Law § 125.15 [1]) is that of a nonviolent C felony. This carries a sentencing range of a minimum of nonmandatory incarceration to a maximum indeterminate sentence of from 5 to 15 years’ imprisonment. The court *108 sentenced defendant to the maximum, an indeterminate sentence of from 5 to 15 years’ imprisonment upon that conviction. Contrastingly, defendant’s conviction in the second trial of gang assault in the second degree (Penal Law § 120.06) is that of a violent C felony. This carries a more severe sentencing range of a minimum indeterminate sentence of from 2V4 to 4V2 years to a maximum indeterminate sentence of from 7V2 to 15 years.
The difference in the sentencing structure for these two crimes is justified by the differing nature of the criminal acts involved. The nonviolent crime of manslaughter in the second degree (Penal Law § 125.15 [1]) is a crime of recklessness; “reckless” is a defined culpable mental state, namely, an awareness and a conscious disregard of “a substantial and unjustifiable risk * * * ”; for manslaughter, a risk of death must be extant constituting “a gross deviation from the standard of conduct that a reasonable person would observe * * * ” (Penal Law § 15.05 [3]). The violent crime of gang assault in the second degree (Penal Law § 120.06), on the other hand, is an intentional crime and carries a harsher penalty; its mens rea involves an “intent to cause physical injury * * * and when aided by two or more other persons * * * causes serious physical injury.” A relatively new felony assault offense, the intent of its enactment was to provide greater penalties in recognition of the “greater threat to public safety” posed by gang attacks (Governor’s Mem in Support, L 1996, ch 647, 1996 McKinney’s Session Laws of NY, at 1919). The enhanced penalty was legislatively advanced based on a two-pronged legislative finding: that for victims gang assault is a “particularly harrowing crime[]” and “to commit an assault with the aid of others is tantamount to committing an assault by means of a deadly weapon or dangerous instrument” (Legis Mem in Support, L 1996, ch 647, 1996 McKinney’s Session Laws of NY, at 2582). Here lethal injury resulted.
These foregoing factors — nonviolent/violent felony contrast, the presence of the graver “intent” element of mental culpability here, the overall legislative policy determination — provide “cognizable and temporally relevant data” to support justification “unrelated to vindictiveness” for the imposition of a greater sentence than that imposed under Mr. Johnson’s former conviction.
With reference to defendant’s remaining contention respecting evaluation of individual criminal counts and that the presumption of vindictiveness should arise whenever a greater *109 sentence is imposed after retrial on any given individual count vis-á-vis the overall aggregate sentence imposed is disingenuous given that the counts involved are dissimilar. Notwithstanding, our High Court has “decline [d] to adopt either the ‘aggregate’ or the ‘count-by-count’ approach * * * the presumption [of judicial vindictiveness] arises when there is not only opportunity but also a ‘reasonable likelihood’ that the longer sentence was the result of vindictiveness” (People v Young, supra at 179; see also, People v Miller, 65 NY2d 502 [1985], cert denied 474 US 951 [1985] [defendant must affirmatively establish “actual vindictiveness”]; United States v Goodwin, 457 US 368 [1982] [no presumption without “realistic likelihood” of impermissible vindictiveness]).
Conclusion
The court declines to find a “reasonable likelihood” of any vindictiveness extant here. As such, defendant has failed to carry the required burden of establishing it (see Alabama v Smith, 490 US 794 [1989]; People v Young, supra; People v Miller, supra; United States v Goodwin, supra). On this record, the circumstances indicate Mr. Johnson, based upon the conduct for which he stands convicted, is an appropriate candidate for enhanced sentencing.