# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1267**
**KA 09-01350**
PRESENT: SCUDDER, P.J., SMITH, GREEN, GORSKI, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

CHARLES ROGERS, DEFENDANT-APPELLANT.

---

ROBERT M. PUSATERI, CONFLICT DEFENDER, LOCKPORT (EDWARD P. PERLMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. VIOLANTE, DISTRICT ATTORNEY, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT.

--------------------------------------------------------------------------------

Appeal from a resentence of the Niagara County Court (Sara S. Sperrazza, J.), rendered March 18, 2009. Defendant was resentenced upon his conviction of robbery in the first degree.

It is hereby ORDERED that the resentence so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a resentence imposed upon remittal of this matter to County Court. On defendant's first appeal in this matter, we reversed the judgment convicting him after a jury trial of murder in the second degree (Penal Law § 125.25 [3]) and robbery in the first degree (§ 160.15 [1]), and we granted him a new trial on the counts of the indictment charging him with those crimes (*People v Rogers*, 16 AD3d 1101). On appeal from the judgment convicting defendant of robbery in the first degree following the retrial, we vacated the sentence on the ground that it was presumptively vindictive, and we remitted the matter to County Court for resentencing (*People v Rogers*, 56 AD3d 1173, *lv denied* 12 NY3d 787). Upon remittal, the court resentenced defendant to a determinate term of imprisonment of 20 years and to five years of postrelease supervision.

Contrary to defendant's contention, the resentence is not vindictive. As we stated in our decision with respect to defendant's second appeal in this matter, " '[t]he threshold issue in evaluating whether a resentence is vindictive is whether the resentence is more severe than that originally imposed' " (*id.* at 1174; *see generally People v Young*, 94 NY2d 171, 176-177, *rearg denied* 94 NY2d 876; *People v Van Pelt*, 76 NY2d 156, 159-161). Here, defendant's resentence is identical to the sentence originally imposed, and thus the presumption of vindictiveness does not arise.

We reject the further contention of defendant that the court erred in resentencing him without ordering an updated presentence report.  "[T]he decision whether to obtain an updated [presentence] report at resentencing is a matter resting in the sound discretion of the sentencing [court]" (*People v Kuey*, 83 NY2d 278, 282).  Here, the court did not abuse its discretion in failing to order an updated report inasmuch as defendant had been incarcerated since the original sentence was imposed (*see People v Brinson*, 298 AD2d 870, *lv denied* 99 NY2d 533), and defendant presented favorable information concerning his behavior while incarcerated.  Finally, the sentence is not unduly harsh or severe.

Entered:  December 23, 2011                          Frances E. Cafarell
                                                     Clerk of the Court