This opinion is uncorrected and subject to revision before publication in the New York Reports.
--------------------------------------------------------------------

No. 160
The People &c.,
            Respondent,
        v.
Antonio Martinez,
            Appellant.

David J. Klem, for appellant.
Jordan K. Hummel, for respondent.

LIPPMAN, Chief Judge:

We are asked to decide whether a defendant's sentencing comports with due process where he rejects a plea offer of 10 years' probation for a single crime and, after being tried and convicted on multiple charges, is sentenced to 10 to 20 years'

- 1 -

imprisonment.  Because a presumption of vindictive sentencing does not apply to the circumstances presented here, we affirm the order of the Appellate Division.

Defendant was charged with rape in the first degree, course of sexual conduct against a child in the first degree, sexual abuse in the first degree, sexual misconduct, and endangering the welfare of a child for committing acts against his neighbor's six-year-old daughter multiple times between May 1998 and August 1999.  After raping her, according to the victim, defendant told her, "if you tell anyone, I will kill your parents."  In 2007, the victim revealed to her mother what defendant had done and defendant was arrested.

Before trial, the People offered defendant a plea to second-degree rape with a sentence of 10 years' probation.  In cautioning defendant about rejecting the plea, the court emphasized that "these allegations are very, very serious . . . [Defendant] faces exposure to 25 years in prison . . . [and] he's not going to see the likes of [10 years' probation] from this Court if he's convicted."  Stressing that the offer "should be given some careful, careful, consideration," the court remarked that accepting the plea "would spare the witness or the victim to have to testify," and "[i]f you blow this trial, you are going to prison . . . [F]or how long will be determined by what comes back, if the jury convicts you."  Defendant rejected the plea offer and was found guilty of rape in the first degree, sexual

abuse in the first degree, sexual misconduct, and endangering the welfare of a child.

At sentencing, the victim spoke about the abuse and described how defendant's actions had changed her life. When asked if he wanted to say anything, defendant only stated that the victim was "acting like an actress and I would like proof submitted."

Before imposing the sentence, the court noted that defendant's statement "clearly doesn't make me want to give him leniency . . . I was the [c]ourt that presided over the trial, I heard the testimony and the evidence at the trial, and I am basing my sentence solely on what the evidence was and what I am legally allowed to do." The court also acknowledged the numerous letters of support for defendant. Defendant was sentenced to an aggregate term of imprisonment of 10 to 20 years.

Under the Due Process Clause of the New York State Constitution, a presumption of vindictiveness applies where a defendant successfully appeals an initial conviction, and is retried, convicted, and given a greater sentence than that imposed after the initial conviction (see People v Young, 94 NY2d 171, 176 [1999]; People v Van Pelt, 76 NY2d 156, 160-161 [1990]; People v Miller, 65 NY2d 502, 508 [1985], cert denied sub nom. Miller v New York, 474 US 951 [1985]).

"[C]riminal defendants should not be penalized for exercising their right to appeal" (Young, 94 NY2d at 176). After

a new trial, the sentencing court must give affirmative reasons "concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding" to justify a higher sentence (Van Pelt, 76 NY2d at 159 [quoting North Carolina v Pearce, 395 US 711, 715-716 [1969]).

In Van Pelt, the defendant successfully appealed his trial conviction and a different judge imposed a higher sentence after the defendant was convicted upon retrial. This Court held that the enhanced sentence "offend[ed] State constitutional due process protections" because the judge offered no change in circumstances "occurring subsequent to the first sentencing, sufficient to overcome the presumption of institutional 'vindictiveness'" (76 NY2d at 158).

In Miller, the defendant's original lenient sentence, which was vacated after a successful appeal from his conviction after a guilty plea, was negotiated in exchange for sparing the victim from testifying -- a "legitimate and reasoned basis" for granting leniency, and a benefit the defendant relinquished when he proceeded to trial after his appeal (see 65 NY2d at 508-509).

By contrast, the same policy concerns are not implicated when a defendant rejects a plea offer, proceeds to trial for the first time, and is given a harsher sentence than the plea offer. "Given that the quid pro quo of the bargaining process will almost necessarily involve offers to moderate sentences that ordinarily would be greater, it is also to be

anticipated that sentences handed out after trial may be more severe than those proposed in connection with a plea" (People v Pena, 50 NY2d 400, 412 [1980][internal citations omitted]).  In Pena, this Court concluded that the defendant was not punished by the imposition of the lawful, but greater, sentence received after rejecting a lenient plea offer and proceeding to trial.

Here, after hearing the court's warning that he would not receive such leniency should he be found guilty, defendant rejected the plea offer and proceeded to trial.  Supreme Court imposed a lawful sentence, based upon defendant's remorseless statement at the sentencing hearing, the heinous nature of the crimes, and the victim's sentencing statement.  Furthermore, the plea offer would have required defendant to plead guilty to a class D felony, whereas defendant was convicted after trial of a class B violent felony offense for which the court could not have legally imposed the probationary sentence offered with respect to the plea.  Defendant's rejection of the plea offer also required the victim to testify about the sexual abuse at trial, a factor this Court has recognized as a legitimate basis for the imposition of a more severe sentence after trial than that which the defendant would have received upon a plea of guilty (see Miller, 65 NY2d at 509).  Had the presumption of vindictiveness applied to this case, these would constitute legitimate and reasoned bases for the more severe sentence imposed (see Miller, 65 NY2d at 508-509).

Accordingly, the order of the Appellate Division should be affirmed.

People v Antonio Martinez

No. 160

PIGOTT, J.(dissenting):

In my view, an appearance of judicial vindictiveness arises when a trial judge is aware of an unsuccessful plea discussion and, after trial, the same judge sentences the defendant to a jail term that is significantly harsher from that offered in the plea. Regardless of how one feels about the plea offer or the ultimate sentence after trial, an explanation of the disparity is required. Without it, a conclusion that defendant is being punished for exercising his or her right to a trial is ineluctable and reflects badly on the court. Therefore, I dissent.

Defendant was charged with rape in the first degree, first degree course of sexual conduct against a child and lesser charges relating to his criminal actions - serious charges indeed. However, during the two years that the case was awaiting trial, the prosecution repeatedly offered a disposition of no prison time. Indeed, the prosecutor put before the trial court an offer of probation in return for a plea of guilty to rape in the second degree. The court expressed no objection to such a resolution at that time. Defendant asked for time to consider the offer, but eventually rejected it.

- 1 -

Following conviction, and at the time of original sentencing, the victim made an impact statement and the prosecution asked that the maximum sentence be imposed by the court. Defendant was accompanied by numerous family and friends at sentencing, and presented over forty letters of support detailing his life and accomplishments. He had no criminal history and the presentence report was noted by the court to be very favorable to him. Before imposing sentence, the court, stating that no sentence could "erase the victim's pain and hoping that she could find comfort and closure," imposed the maximum sentence of 20 years.

Following reversal of his sentence for reasons not germane to this discussion, defense counsel argued prior to resentencing that, given the plea offers of probation in this case, any sentence even close to the maximum term would be a gross disparity and calls into question whether defendant was being punished for exercising his right to a trial. Nevertheless, the court imposed the most severe sentence permitted. It noted that it had originally imposed what it "felt was the appropriate sentence," but did not comment on why a sentence of probation before trial became a maximum sentence of imprisonment afterwards.

It goes without saying that plea bargaining is part of our criminal justice system (Bordenkircher v Hayes, 434 US 357 [1978]). And we have said that during the bargaining process,

the State may encourage a guilty plea by offering certain benefits, such as reduced exposure to the potential maximum sentence otherwise available, notwithstanding the fact that this has the effect of discouraging a defendant's assertion of his right to a trial (see People v Pena, 50 NY2d 400 [1980]).  It follows that the fact that a sentence imposed after trial is greater than that offered during a plea negotiation is no clear indication that the defendant is being punished for asserting his right to proceed to trial.  "Given that the quid pro quo of the bargaining process will almost necessarily involve offers to moderate sentences that ordinarily would be greater, it is also to be anticipated that sentences handed out after trial may be more severe than those proposed in connection with a plea" (Pena, 50 NY2d at 412).  However, it is equally true that if a defendant refuses to plead guilty and goes to trial, retaliation or vindictiveness may play no role in sentencing following a conviction (see Corbitt v New Jersey, 439 US 212 [1978]).  The conventional concerns in sentencing, which include the considerations of deterrence, rehabilitation, retribution, and isolation, must be the factors weighed when sentence is imposed (see People v Suitte, 90 AD2d 80 [2d Dept 1982]).

The "presumption of vindictiveness" of a sentence arose out of the United States Supreme Court case North Carolina v Pearce (395 US 711 [1969]).  There the defendant, Pearce, was convicted in a North Carolina court of assault with intent to

rape and sentenced to serve 12 to 15 years in prison; in a companion case, the defendant, Rice, pleaded guilty to four charges of burglary and was sentenced in an Alabama court to serve a total of 10 years. After having served several years, Pearce was granted a new trial because a confession used against him was held to have been obtained in violation of his constitutional right not to be compelled to be a witness against himself; Rice's conviction was set aside because, although he was indigent, he had not been provided with a court-appointed lawyer at the time he made his guilty plea. Both were retried and again convicted. Rice's sentence was increased to 25 years, and no credit was given for time he had previously served; Pearce was sentenced to eight years which, when added to the time he had already served, amounted to a longer sentence than originally imposed. Because in neither case did the record contain any justification for the increased sentence, the United States Supreme Court reversed the sentences as being unconstitutionally vindictive.

This Court adopted the Pearce presumption in cases where a defendant is successful on appeal and after a retrial receives a much greater sentence than his original one (see People v Van Pelt, 76 NY2d 156 [1990]). The majority chooses to use the distinction between a retrial following a successful appeal and a mere offer followed by a trial to distinguish this case. But to me, this makes no sense. The issue is

vindictiveness, not procedural routes.

New York appellate courts have routinely reduced sentences in cases in which the disparity between the plea offer and the imposed sentence was great. For example, in People v Brown (70 AD2d 505, 505-506 [1st Dept 1970]), the court reduced a sentence where there was a disparity between the plea offer of 5 to 10 years and imposed sentence of 8 to 24 years. The court found the sentence "create[d] the appearance that the defendant was being punished for proceeding to verdict, rather than receiving merely the sentence which his crime and record justified" (id.). In People v Cosme, (203 AD2d 375 [2d Dept 1994]), the court reduced a sentence to 15 years to life because of the disparity between plea offer of 8 years to life and imposed sentenced of 25 years to life. While those courts may have done so through their interest of justice jurisdiction, I suggest that this Court's authority - as a matter of law - can, has and should be used to require an explanation in cases such as the one before us.

The difference between the sentences in this case is glaring. A court cannot claim to be surprised by testimony in a rape case that has been pending before it since the time of its indictment. There is no showing in this record that the sexual assault, serious as it was, merited a choice between letting the alleged perpetrator walk the streets following a sentence of probation or twenty years in jail. An explanation, hopefully a

reasonable one, is necessary.  Had the court indicated the basis for the increased sentence, this court may have considered this information sufficient to render the sentence "non-vindictive."  With a 10-20 fold increase in sentence, the sentencing court should "at a minimum state on the record the additional facts which emerged .. .. that changed the court's viewpoint on sentencing, and how those matters factored into the court's decision" (Longley v State, 902 So 2d 925 [Dist Ct. Florida, 2005]).

For these reasons, I would reverse the imposition of the sentence and remit the matter to the trial court for resentencing, this time with an explanation for the disparity, if any.

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

Order affirmed.  Opinion by Chief Judge Lippman.  Judges Rivera, Abdus-Salaam, Stein and Fahey concur.  Judge Pigott dissents in an opinion.

Decided November 19, 2015