OPINION OF THE COURT
Chief Judge Lippman.
We are asked to decide whether a defendant’s sentencing comports with due process where he rejects a plea offer of 10 years’ probation for a single crime and, after being tried and convicted on multiple charges, is sentenced to 10 to 20 years’ imprisonment. Because a presumption of vindictive sentencing does not apply to the circumstances presented here, we affirm the order of the Appellate Division.
Defendant was charged with rape in the first degree, course of sexual conduct against a child in the first degree, sexual abuse in the first degree, sexual misconduct, and endangering the welfare of a child for committing acts against his neighbor’s six-year-old daughter multiple times between May 1998 and August 1999. After raping her, according to the victim, defendant told her, “if you tell anyone, I will kill your parents.” In 2007, the victim revealed to her mother what defendant had done and defendant was arrested.
Before trial, the People offered defendant a plea to second-degree rape with a sentence of 10 years’ probation. In cautioning defendant about rejecting the plea, the court emphasized that “these allegations are very, very serious . . . [Defendant] faces exposure to 25 years in prison . . . [and] he’s not going to see the likes of [10 years’ probation] from this [c]ourt if he’s convicted.” Stressing that the offer “should be given some careful, careful consideration,” the court remarked that accepting the plea “would spare the witness or the victim to have to testify,” and “[i]f you blow this trial, you are going to prison . . . [flor how long . . . will be determined by what comes back, if the jury convicts you.” Defendant rejected the plea offer and was found guilty of rape in the first degree, sexual abuse in the first degree, sexual misconduct, and endangering the welfare of a child.
At sentencing, the victim spoke about the abuse and described how defendant’s actions had changed her life. When *199 asked if he wanted to say anything, defendant only stated that the victim was “acting like an actress and I would like proof submitted.”
Before imposing the sentence, the court noted that defendant’s statement “clearly doesn’t make me want to give him any leniency ... I was the [c]ourt that presided over the trial, I heard the testimony and the evidence at the trial, and I am basing my sentence solely on what the evidence was and what I am legally allowed to do.” The court also acknowledged the numerous letters of support for defendant. Defendant was sentenced to an aggregate term of imprisonment of 10 to 20 years.
Under the Due Process Clause of the New York State Constitution, a presumption of vindictiveness applies where a defendant successfully appeals an initial conviction, and is retried, convicted, and given a greater sentence than that imposed after the initial conviction (see People v Young, 94 NY2d 171, 176 [1999]; People v Van Pelt, 76 NY2d 156, 160-161 [1990]; People v Miller, 65 NY2d 502, 508 [1985], cert denied 474 US 951 [1985]).
“[C]riminal defendants should not be penalized for exercising their right to appeal” (Young, 94 NY2d at 176). After a new trial, the sentencing court must give affirmative reasons “concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding” to justify a higher sentence (Van Pelt, 76 NY2d at 159 [emphasis omitted], quoting North Carolina v Pearce, 395 US 711, 726 [1969]).
In Van Pelt, the defendant successfully appealed his trial conviction and a different judge imposed a higher sentence after the defendant was convicted upon re-trial. This Court held that the enhanced sentence “offend [ed] State constitutional due process protections” because the judge offered no change in circumstances “occurring subsequent to the first sentencing, sufficient to overcome the presumption of institutional ‘vindictiveness’ ” (76 NY2d at 158).
In Miller, the defendant’s original lenient sentence, which was vacated after a successful appeal from his conviction after a guilty plea, was negotiated in exchange for sparing the victim from testifying — a “legitimate and reasoned basis” for granting leniency, and a benefit the defendant relinquished when he proceeded to trial after his appeal (see 65 NY2d at 508-509).
*200 By contrast, the same policy concerns are not implicated when a defendant rejects a plea offer, proceeds to trial for the first time, and is given a harsher sentence than the plea offer. “Given that the quid pro quo of the bargaining process will almost necessarily involve offers to moderate sentences that ordinarily would be greater, it is also to be anticipated that sentences handed out after trial may be more severe than those proposed in connection with a plea” (People v Pena, 50 NY2d 400, 412 [1980] [citations omitted]). In Pena, this Court concluded that the defendant was not punished by the imposition of the lawful, but greater, sentence received after rejecting a lenient plea offer and proceeding to trial.
Here, after hearing the court’s warning that he would not receive such leniency should he be found guilty, defendant rejected the plea offer and proceeded to trial. Supreme Court imposed a lawful sentence, based upon defendant’s remorseless statement at the sentencing hearing, the heinous nature of the crimes, and the victim’s sentencing statement. Furthermore, the plea offer would have required defendant to plead guilty to a class D felony, whereas defendant was convicted after trial of a class B violent felony offense for which the court could not have legally imposed the probationary sentence offered with respect to the plea. Defendant’s rejection of the plea offer also required the victim to testify about the sexual abuse at trial, a factor this Court has recognized as a legitimate basis for the imposition of a more severe sentence after trial than that which the defendant would have received upon a plea of guilty (see Miller, 65 NY2d at 509). Had the presumption of vindictiveness applied to this case, these would constitute legitimate and reasoned bases for the more severe sentence imposed (see Miller, 65 NY2d at 508-509).
Accordingly, the order of the Appellate Division should be affirmed.