People v Wilson (2019 NY Slip Op 00555)





People v Wilson


2019 NY Slip Op 00555


Decided on January 29, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 29, 2019

Friedman, J.P., Gische, Kapnick, Gesmer, Moulton, JJ.


8222 129/16

[*1]The People of the State of New York, Respondent,
v
Jeremy Wilson, Defendant-Appellant.


Feldman and Feldman, Uniondale (Azra Feldman of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Jonathan Krois of counsel), for respondent.



Judgment, Supreme Court, New York County (Laura A. Ward, J. at initial predicate felony determination; Neil E. Ross, J. at jury trial and sentencing), rendered May 8, 2017, convicting defendant of forgery in the second degree, criminal possession of stolen property in the third degree, criminal possession of stolen property in the fourth degree (two counts) and criminal possession of a forged instrument in the second degree (three counts), and sentencing him, as a second felony offender, to an aggregate term of 7 to 14 years, unanimously affirmed.
We reject defendant's arguments concerning the sufficiency and weight of the evidence supporting his convictions of possession of a forged instrument. Defendant obtained simulated, but realistic, versions of a California driver's license and Canadian and British passports from a theatrical props company. The evidence, including defendant's confession to the police, clearly established his fraudulent intent. Defendant's intent with regard to the driver's license was not negated by the fact that it contained an inconspicuous statement that it was a "fake" and a "prop," because defendant intended that the disclaimer would go unnoticed by victims of his fraud (see People v McFarlane, 63 AD3d 634, 635 [1st Dept 2009], lv denied 13 NY3d 837 [2009]). Defendant's arguments concerning the passports are likewise unavailing.
The court properly denied defendant's application to submit third-degree forgery as a lesser included offense of second-degree forgery, because it was not supported by any reasonable view of the evidence (see People v Glover, 57 NY2d 61, 64 [1982]). The application for a checking account and debit card at issue constituted a "contract," "commercial instrument," or "other instrument" that would "create" or "otherwise affect a legal right, interest, obligation or status" under the definition of second-degree forgery (see Penal Law § 170.10[1]), and there was no factual issue in this regard to be resolved by the jury.
Defendant was properly adjudicated a second felony offender based on a 2001 Indiana conviction (Ind Code § 35-43-5-2). Resort to the accusatory instrument is appropriate in this case (see People v Jurgins, 26 NY3d 607, 613-614 [2015]), and the instrument demonstrated that the conviction involved an act establishing the requisite equivalency to the New York felony of second-degree forgery (Penal Law § 170.10). Defendant's other arguments concerning an alleged lack of equivalency between the statutes are without merit.
By imposing a sentence that was twice the length of the sentence involved in a rejected plea offer, the court did not penalize defendant for exercising his right to a trial. "Given that the quid pro quo of the bargaining process will almost necessarily involve offers to moderate sentences that ordinarily would be greater, it is also to be anticipated that sentences handed out after trial may be more severe than those proposed in connection with a plea" (People v Pena, 50 NY2d 400, 412 [1980] [citations omitted]; see also People v Martinez, 26 NY3d 196 [2015][10 to 20 year sentence after trial lawful despite plea offer involving probation]). Defendant's cruel and unusual
punishment claim is also without merit. We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 29, 2019
DEPUTY CLERK