People v Diaz (2020 NY Slip Op 07392)





People v Diaz


2020 NY Slip Op 07392


Decided on December 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2014-04603
 (Ind. No. 160/08)

[*1]The People of the State of New York, respondent,
v
Randolfo Diaz, appellant.


Paul Skip Laisure, New York, NY (Sean H. Murray of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Anthea H. Bruffee,
and Dmitriy Povazhuk of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ruth Shillingford, J.), rendered April 22, 2014, convicting him of course of sexual conduct against a child in the second degree and endangering the welfare of a child, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is modified, on the law, by reducing the sentence imposed on the conviction of course of sexual conduct against a child in the second degree from a determinate term of imprisonment of 6 years, to be followed by a period of postrelease supervision of 10 years, to a determinate term of imprisonment of 5 years, to be followed by a period of postrelease supervision of 10 years; as so modified, the judgment is affirmed.
The defendant, the step-grandfather of the complainant, is alleged to have sexually abused the complainant multiple times in 2006 and 2007, when she was in the fourth and fifth grades. He was charged with course of sexual conduct against a child in the first and second degrees (Penal Law §§ 130.75[1][a], 130.80[1][a]) and endangering the welfare of a child (Penal Law § 260.10[1]). The jury acquitted the defendant of course of sexual conduct against a child in the first degree, but convicted him of course of sexual conduct against a child in the second degree and endangering the welfare of a child. The defendant was sentenced to a determinate term of 5 years imprisonment plus 10 years of postrelease supervision on the course of sexual conduct count, and 1 year of imprisonment on the endangering the welfare of a child count, to run concurrently with each other.
On the defendant's appeal, this Court reversed and remitted the matter for a new trial on the grounds that the Supreme Court had erred (a) in precluding the defense from presenting the testimony of a particular witness regarding false accusations of sexual abuse the complainant allegedly had made in the past, and (b) in permitting a prosecution expert to testify about how an adult sexual abuser may act to gain the compliance of a child victim (see People v Diaz, 85 AD3d 1047). On the People's appeal to it, the Court of Appeals determined that the contested expert testimony was permissible, but it agreed that the defense should have been allowed to present the witness testimony and that the error required a new trial (see People v Diaz, 20 NY3d 569).
Upon retrial, as relevant to this appeal, the People presented the testimony of Mahu Voddi, a physician who examined the complainant on January 2, 2008, the day the child first disclosed the alleged sexual abuse to her mother. As she had at the first trial, Voddi testified that [*2]because the child had alleged vaginal and anal penetration, she conducted a full genital and anal examination and found no physical evidence of abuse, including no injury to the complainant's hymen. She testified that the exam neither confirmed nor ruled out sexual abuse. Voddi also was qualified as an expert in pediatrics and child abuse medicine, including sexual abuse. As an expert, she testified to the evolving nature of the guidelines for diagnosing child sexual abuse, and how certain physical findings, such as damage to the hymen, were no longer used as criteria because research has shown that there are very rarely physical findings in sexual abuse cases except for pregnancy or the presence of semen. Voddi testified that a child's disclosure of sexual abuse played an important role in making a diagnosis, and a detailed, spontaneous, and clear disclosure would add to the diagnostic impression. Voddi further testified that she found the complainant's disclosure in January 2008 to be spontaneous in parts, very clear, and very detailed, and this played an important part in her diagnostic impression. The prosecutor then asked a series of questions concerning the factors relevant to making a diagnosis, and the questioning returned to the physical examination. Near the end of direct examination, with no objection by the defense, the prosecutor asked Voddi, based on her examination of the complainant, "including her both detailed disclosure and physical injury, were you able to make a diagnosis, with a reasonable degree of medical certainty." Voddi replied that her medical or diagnostic impression was child sexual abuse. She further testified about misconceptions with regard to sexual abuse and the hymen, and how the hymen generally will heal.
On cross-examination of Voddi, defense counsel once more elicited that Voddi's diagnostic impression was that the complainant had been sexually abused. Counsel asked Voddi a series of questions which detailed the physical examination of the complainant and that there was no physical evidence supporting a conclusion of sexual abuse, and that there was no documentation in Voddi's report concerning purported details of disclosure by the complainant. Counsel questioned Voddi extensively about a number of studies which seemed to contradict her conclusions that there would be no apparent injury to the hymen if abuse like that alleged here had occurred.
On redirect, the prosecutor asked Voddi whether, with the greater experience she had gained in the intervening years, she would change her diagnosis from when she did the examination in 2008. Defense counsel objected to the question and indicated that he thought that Voddi's opinion was that a normal examination did not preclude a finding of abuse, and she was not allowed to conclude whether or not sexual abuse occurred in this case. The prosecutor noted that on direct examination Voddi had testified that her diagnosis was sexual abuse, with no objection by the defense. Notwithstanding the prior testimony, the Supreme Court sustained the objection to the subject question. Subsequently, following a break in the examination of Voddi, defense counsel argued that the prosecutor's question at the end of direct examination and Voddi's response concerning her diagnosis of sexual abuse were improper, the testimony should be stricken, and a mistrial declared. The court, noting that the defense had not objected to the contested testimony, denied the motion. However, upon further consideration, the court granted the motion to the extent that it struck the subject question and answer, as well as the reference on cross-examination, and directed the jury to disregard it.
The jury convicted the defendant of both counts, course of sexual conduct against a child in the second degree and endangering the welfare of a child. At sentencing, the prosecutor asked the Supreme Court to impose a sentence of 7 years imprisonment on the course of sexual conduct count, arguing that the two additional years above the sentence imposed on that count after the first trial were warranted because of evidence of ongoing trauma to the victim and the defendant's lack of remorse. Over the defendant's objection, the court sentenced him to a determinate term of 6 years imprisonment plus 10 years of postrelease supervision on the course of sexual conduct count, and 1 year of imprisonment on the endangering the welfare of a child count, to run concurrently with each other. The defendant appeals.
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the evidence, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383). Upon reviewing the evidence, we are satisfied that the verdict of guilt was not against the weight of the evidence.
The defendant contends that he was denied a fair trial when Voddi was allowed to testify on direct examination and on cross examination that, in her opinion, sexual abuse had [*3]occurred. To the extent that the defendant complains of the portion of Voddi's testimony concerning the criteria and role that disclosure plays in making a diagnosis in cases of alleged sexual abuse, the contention is unpreserved for appellate review as the defendant did not object to the testimony or include it as a ground for his motion for a mistrial (see CPL 470.05[2]; People v Barnes, 125 AD3d 990, 991-992; People v Naranjo, 194 AD2d 747, 748). We decline to consider the unpreserved contention in the interest of justice (cf. CPL 470.15[6][a]).
As to the testimony concerning Voddi's opinion that the complainant had been sexually abused, we agree, as the Supreme Court concluded at trial, that its admission was improper because it served merely to prove that the sexual abuse took place and to bolster the complainant's credibility (see People v Williams, 20 NY3d 579, 584; People v Bennett, 79 NY2d 464, 473). However, the court did not improvidently exercise its discretion in denying the defendant's motion for a mistrial based upon Voddi's testimony, which was elicited by both the prosecution and the defense. The decision to declare a mistrial rests within the sound discretion of the trial court, which is in the best position to determine if this drastic remedy is truly necessary to protect the defendant's right to a fair trial (see People v Hardy, 26 NY3d 245, 251-252; People v Jones, 167 AD3d 654, 655). In response to the defendant's motion, the court struck the objectionable testimony and issued a curative instruction that the jury should disregard that testimony, which eliminated any prejudice to the defendant (see People v Jones, 167 AD3d at 655; People v Mejia, 160 AD3d 899, 900; People v Schlackman, 153 AD3d 641, 642).
The defendant's contention that he was denied the effective assistance of counsel because his attorney failed to object to this testimony on direct examination and then elicited Voddi's
opinion again on cross-examination is without merit. Notwithstanding counsel's initial failure to recognize the inadmissibility of the opinion testimony, once he did, he promptly moved to have the testimony stricken and for a mistrial. Furthermore, defense counsel extensively cross-examined Voddi about her physical findings, the lack of any documentation of the complainant's alleged disclosure, and several studies which contradicted her conclusions. In addition, the defense presented an expert witness whose testimony contradicted that of Voddi, and several witnesses who testified that the complainant had a reputation for lying, including one witness who testified that the complainant had falsely accused him of sexual abuse. On this record, when viewed in the totality, we cannot say that the defendant was provided with less than meaningful representation (see People v Mendoza, 33 NY3d 414, 418-419; People v Cutting, 150 AD3d 873, 875).
However, the Supreme Court erred in enhancing the sentence originally imposed on the defendant after his first jury trial. "Under the Due Process Clause of the New York State Constitution, a presumption of vindictiveness applies where a defendant successfully appeals an initial conviction, and is re-tried, convicted, and given a greater sentence than that imposed after the initial conviction" (People v Martinez, 26 NY3d 196, 199; see People v Young, 94 NY2d 171, 176; People v Van Pelt, 76 NY2d 156, 160-161). "[C]riminal defendants should not be penalized for exercising their right to appeal" (People v Young, 94 NY2d at 176). Where, as here, the defendant is convicted of the same count at a new trial following a successful appeal, the sentencing court may not impose a higher sentence unless its reasons for doing so affirmatively appear on the record, and are "'based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding'" (People v Van Pelt, 76 NY2d at 159, quoting North Carolina v Pearce, 395 US 711, 726). Inasmuch as the prosecutor asserted that the defendant demonstrated no remorse for his crimes, the record reflects only that the defendant pleaded not guilty to the charges and exercised his constitutional right to remain silent (cf. People v Ocampo, 52 AD3d 741, 742). In addition, the ongoing impact of the crime on the complainant does not constitute "identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding" (see People v Van Pelt, 76 NY2d at 159; People v Jenkins, 38 AD3d 566, 567-568; People v Moye, 4 AD3d 488, 489). Accordingly, the court should not have imposed the higher sentence.
MASTRO, J.P., CHAMBERS, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court