■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEX OGUENDO, Appellant. [759 NYS2d 457] —Judgment, Supreme Court, New York County (Harold Beeler, J.), rendered March 16, 2001, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal sale of a controlled substance in or near school grounds, and sentencing him, as a second felony offender, to concurrent terms of 5 to 10 years, unanimously affirmed.

Since defendant made no objection to the prosecutor's in limine application to introduce background testimony on the organization of street-level drug operations, choosing instead to defer any objections until the witnesses actually testified, and thereafter made only unelaborated objections, he did not preserve any of his present claims (*People v Tevaha*, 84 NY2d 879 [1994]), and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. This limited testimony was properly admitted to explain the absence of any physical evidence on defendant's person and on the contested issue of defendant's accessorial liability (see *People v Brown*, 97 NY2d 500, 506-507 [2002]). The court

provided prompt and thorough limiting instructions, and its failure to repeat such instructions in its final charge to the jury was harmless.

Defendant's arguments that the court should have admitted his postarrest statement that he was in the area only to purchase marijuana as evidence of his state of mind or under the declaration against penal interest exception to the hearsay rule are unpreserved because defendant never raised these grounds for admission before the trial court (*see People v Sostre*, 51 NY2d 958 [1980]), and we decline to review them in the interest of justice. Were we to review these claims, we would find that defendant's statement was clearly being offered for its truth and not as evidence of his state of mind (*see People v Reynoso*, 73 NY2d 816, 819 [1988]; *People v Starostin*, 265 AD2d 267 [1999], *lv denied* 94 NY2d 885 [2000]). We would also find that the statement was not admissible as a declaration against penal interest because defendant created his own unavailability by choosing not to testify, and because his largely exculpatory statement was intended to minimize his criminal involvement (*see People v Sibadan*, 240 AD2d 30, 38 [1998], *lv denied* 92 NY2d 861 [1998]).

We decline to invoke our interest of justice jurisdiction to dismiss the noninclusory concurrent count (*see People v Spence*, 290 AD2d 223 [2002], *lv denied* 98 NY2d 641 [2002]; *People v Kulakov*, 278 AD2d 519 [2000], *lv denied* 96 NY2d 785 [2001]).

The record establishes that defendant received meaningful representation (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]) and that his pro se arguments are without merit.

We perceive no basis for reducing the sentence.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Buckley, P.J., Nardelli, Mazzarelli, Sullivan and Gonzalez, JJ.