■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RASHEA FRYAR, Appellant. [821 NYS2d 563]—

Judgment, Supreme Court, New York County (William A. Wetzel, J.), rendered November 8, 2004, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 6 to 12 years, unanimously affirmed.

Upon receiving expert testimony regarding street-level drug operations, the court provided limiting instructions that comported with *People v Brown* (97 NY2d 500, 506-507 [2002]). However, in *Brown*, the Court of Appeals cautioned that, "[b]ased on our concern that expert testimony be admitted only for a permissible purpose, we hold that this type of testimony must be paired with appropriate limiting instructions. If and when the trial court allows such testimony, it should inform the jury that it is free to reject it and that the testimony being admitted should in no manner be taken as proof that the defendant was engaged in the sale of narcotics. *These crucial instructions should be reemphasized in the concluding charge to the jury*" (*id.* at 506 [emphasis supplied]). Here, the court did not follow this direction that limiting instructions be reemphasized in the final charge. However, given the overwhelming evidence of defendant's guilt, including the undercover officer's highly reliable identification of the defendant a short time after the completed purchase of drugs, and again at trial, the error in failing to provide a limiting instruction as to the use of the expert testimony was harmless (*see People v Crimmins*, 36 NY2d 230 [1975]; *People v Oguendo*, 305 AD2d 140, 140-141 [2003], *lv denied* 100 NY2d 597 [2003]). Any error in the court's modification of its *Sandoval* ruling was similarly harmless in view of the inculpatory evidence against him (*Crimmins, supra*). Concur—Mazzarelli, J.P., Andrias, Nardelli, Gonzalez and Malone, JJ.