THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL PAULIN, Appellant. [913 NYS2d 21]—

Judgment, Supreme Court, Bronx County (Dominic R. Massaro, J.), rendered December 19, 2005, convicting defendant, after a jury trial, of gang assault in the first degree and two counts of attempted murder in the second degree, and sentencing him, as a second felony offender, to concurrent terms of 15 years, unanimously affirmed.

Defendant's challenges to the legal sufficiency of the evidence are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits. We also find that the verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility, and its weighing of possible inferences as to defendant's mental culpability. The requisite intent for each of the attempted murder convictions could be readily inferred from defendant's actions, viewed as a whole and in the context of the entire incident (*see generally People v Getch*, 50 NY2d 456, 465 [1980]). With regard to the gang assault conviction, which involved a third victim who died in the incident, defendant's intent to seriously injure that victim could be inferred on either of two valid theories. First, the evidence supports the

conclusion that defendant personally stabbed the deceased victim; although, in performing weight of evidence review, we may consider the fact that the jury acquitted defendant of the homicide counts (*see People v Rayam*, 94 NY2d 557, 563 n [2000]), we find, after reviewing all the evidence, that the mixed verdict does not warrant a different conclusion. Second, the evidence supports the alternative conclusion that defendant shared his companions' intent to seriously injure the deceased victim.

The People established a sufficient chain of custody for a knife allegedly discarded by defendant in a store near the scene of the crime and found to contain the blood of the deceased victim. The totality of the evidence provided a reasonable assurance of the identity and unchanged condition of the knife (*see People v Julian*, 41 NY2d 340, 342-343 [1977]), and the inconsistencies cited by defendant went to the weight and not the admissibility of the evidence (*People v Hawkins*, 11 NY3d 484, 494 [2008]). The jury could have reasonably found that, despite conflicting recollections by two officers of fast-paced events that occurred two years before they testified at trial, and a paperwork error by one of them, the knife was actually recovered in the store by one of these officers, who handed it to the other officer for vouchering. To the extent that defendant is arguing that the admission of the knife violated his right of confrontation, that claim is without merit.

Defendant also makes a Confrontation Clause argument with regard to the voucher. He asserts that the portion of the voucher that states the location where the knife was found was testimonial evidence in the context of the case. He also asserts that, even though the voucher was made by an officer who testified that he obtained the information at issue, along with the knife itself, from another testifying officer, the information actually came from a nontestifying detective. Although defendant made a generalized Confrontation Clause argument at trial, it was insufficient to alert the court to this particular issue or permit the People to address it (*see e.g. People v Tutt*, 38 NY2d 1011, 1013 [1976]). Therefore, this claim is unpreserved and we decline to review it in the interest of justice. In any event, any error in the admission of the voucher was harmless. Concur—Gonzalez, P.J., Tom, Sweeny, Richter and Manzanet-Daniels, JJ.