(January 15, 2013)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN RIOS, Appellant. [961 NYS2d 14]—

Judgment, Supreme Court, New York County (Thomas Farber, J.), rendered October 20, 2009, convicting defendant, after a jury trial, of two counts of predatory sexual assault, and sentencing him to concurrent terms of 15 years to life, unanimously affirmed.

Defendant's principal appellate claim is that his right of confrontation was violated by the admission of a DNA analyst's expert testimony that depended on reports of procedures conducted by nontestifying analysts, even though the reports themselves were never before the jury. Under the circumstances presented, defendant's general references to confrontation and related matters were insufficient to alert the trial court to this particular claim (*see People v Paulin*, 78 AD3d 557, 558 [2010], *lv denied* 16 NY3d 862 [2011]; *People v Lewis*, 44 AD3d 422, 423 [2007], *lv denied* 9 NY3d 1035 [2008]; *compare People v Hardy*, 4 NY3d 192, 197 n 3 [2005]). Initially, we note that defendant's postverdict motion had no preservation effect (*see People v Padro*, 75 NY2d 820, 821 [1990]).

At trial, defendant originally objected to admission of reports by nontestifying analysts as "bolstering." This did not preserve a Confrontation Clause claim (*see e.g. People v Davis*, 90 AD3d 432, 433 [2011]). Defendant also made vague references to confrontation and to information that "someone else has provided." However, this was in the context of his statement that the reports "could" contain information to which he "would" object. This merely stated an intention to object in the future, contingent on whether the evidence proved objectionable, and was insufficient to preserve his claim (*see People v Bierenbaum*, 301 AD2d 119, 152 [2002], *lv denied* 99 NY2d 626 [2003], *cert denied* 540 US 821 [2003]). Ultimately, counsel never stated an objection, and therefore failed to alert the court to his present position that the evidence had indeed proved objectionable. Significantly, defendant declined the court's offers to review the reports to determine what was objectionable.

Moreover, defendant never articulated a claim that the witness's *testimony* should be excluded pursuant to the Confrontation Clause unless the analysts who provided the underlying information also testified. Instead, defendant only appeared to be objecting to the nontestifying analysts' reports. However, those reports ultimately never reached the jury.

We decline to review defendant's claim in the interest of justice. We note that where a defect may be readily corrected by

calling additional witnesses or directing the People to do so, requiring a defendant to call the defect to the court's attention "at a time when the error complained of could readily have been corrected" (*People v Robinson*, 36 NY2d 224, 228 [1975]) serves an important interest (*see People v Gray*, 86 NY2d 10, 20 [1995]). Furthermore, although the trial court opined that the reports of the nontestifying analysts were generally admissible under the business records exception, a timely and specific objection would have given the court the opportunity to consider whether the witness's testimony violated the Confrontation Clause.

As an alternative holding, we reject defendant's Confrontation Clause claim on the merits. A fair reading of the analyst's testimony establishes that she made her own independent comparison between defendant's DNA profile and the DNA recovered from semen stains on the victim's underwear. The record does not support defendant's assertion that the witness merely reported on or agreed with a comparison made by others in her office. Thus, the witness did not merely provide surrogate testimony that failed to satisfy the Confrontation Clause (*compare Bullcoming v New Mexico*, 564 US —, —, 131 S Ct 2705, 2709-2710 [2011]).

Furthermore, in *People v Brown* (13 NY3d 332, 340 [2009]), the Court of Appeals found a similar DNA report to be nontestimonial for Confrontation Clause purposes, and we find no basis to distinguish the reports in this case. In addition, as noted, the reports of the nontestifying analysts never reached the jury. The witness testified about the other analysts's tests only to explain the basis for her own opinion, which was the only statement offered for the truth of the matter asserted (*see Williams v Illinois*, 567 US —, —, 132 S Ct 2221, 2228 [2012]; *People v Vargas*, 99 AD3d 481 [1st Dept 2012]).

The only Confrontation Clause claim that defendant arguably preserved is his challenge to that portion of the DNA analyst's testimony that stated, in essence, that no two people can have the same DNA profile. However, this was within the realm of ordinary expert testimony, based on statistical information reasonably relied upon by experts in that field, and defendant's Confrontation Clause objection is without merit.

Defendant's challenges to the prosecutor's summation and the court's charge are unpreserved, and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits. We also find that trial counsel's failure to make these challenges did not deprive defendant of effective assistance (*compare People v Cass*, 18 NY3d 553, 564

[2012], *with People v Fisher*, 18 NY3d 964 [2012]). Regardless of whether defendant's trial attorneys should have raised these issues, we find that defendant has not established that he was prejudiced, under either state or federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]), by counsel's failure to do so. Concur— Tom, J.P., Andrias, Renwick, DeGrasse and Abdus-Salaam, JJ.