Judgment, Supreme Court, New York County (Bonnie G. Wittner, J., at suppression hearing; Charles H. Solomon, J., at protective order and motion to controvert search warrant; Edward J. McLaughlin, J., at jury trial and sentencing), rendered September 16, 2008, as amended September 24, 2008, convicting defendant, after a jury trial, of kidnapping in the first degree and two counts each of murder in the second degree, robbery in the first degree and conspiracy in the fourth degree, and sentencing him to an aggregate term of 36V3 years to life, unanimously affirmed.
The hearing court properly denied defendant’s motion to suppress statements. Defendant did not preserve his present challenges to the court’s ruling (see e.g. People v Medina, 93 AD3d *638 459 [1st Dept 2012], lv denied 19 NY3d 999 [2012]), and we decline to review them in the interest of justice. As an alternative holding, we reject them on the merits. The hearing evidence established that defendant knowingly, intelligently and voluntarily waived his Miranda rights, notwithstanding his refusal to put anything in writing. The record fails to support defendant’s claims that the detective’s post -Miranda conduct improperly encouraged defendant to believe that his statements were given in confidence and would not be used against him, that defendant operated under that belief, or that any statement was the product of trickery (see Matter of Jimmy D., 15 NY3d 417, 424 [2010]). We have considered and rejected defendant’s related argument concerning the trial court’s charge on the issue of the voluntariness of defendant’s statements.
The court properly denied defendant’s application pursuant to Batson v Kentucky (476 US 79 [1986]). The record supports the court’s finding that the nondiscriminatory reasons provided by the prosecutor for the four challenges at issue were not pretextual. This finding, based primarily on the court’s assessment of the challenging attorney’s credibility, is entitled to great deference (see Snyder v Louisiana, 552 US 472, 477 [2008]; People v Hernandez, 75 NY2d 350 [1990], affd 500 US 352 [1991]). The prosecutor was not required to show that these nondiscriminatory reasons were related to the facts of the case (see People v Hecker, 15 NY3d 625, 656, 663-665 [2010]), and we do not find any disparate treatment by the prosecutor of similarly situated panelists.
Defendant’s challenge to the legal sufficiency of the evidence supporting the robbery convictions is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury’s credibility determinations. The evidence supports the conclusion that when defendant pointed a loaded handgun at the victim, he did so for the purpose, among other things, of compelling him to give up his automobile (see Penal Law § 160.00 [2]), and that defendant did so with the intent to permanently deprive the victim of it, specifically by disposing of it under circumstances rendering it unlikely that he would recover it (see Penal Law § 155.00 [3]; People v Kirnon, 39 AD2d 666, 667 [1972], affd 31 NY2d 877 [1972]).
Defendant did not preserve his Confrontation Clause claim regarding a detective’s testimony about information she received from an anonymous caller, which included a single reference to *639 defendant by his nickname, and we decline to review in the interest of justice. Defendant’s vague allusions to “confrontation issues,” made in different contexts from his present claim, were insufficiently specific to meet the preservation requirement (see e.g. People v Rios, 102 AD3d 473, 474 [2013], lv denied 20 NY3d 1103 [2013]; People v Paulin, 78 AD3d 557, 558 [2010], lv denied 16 NY3d 862 [2011]; compare People v Hardy, 4 NY3d 192, 197 n 3 [2005]). As an alternate holding, we find that the disputed testimony was properly admitted, not for its truth (see Tennessee v Street, 471 US 409 [1985]), but for the legitimate nonhearsay purposes of completing the narrative and explaining police actions (see People v Tosca, 98 NY2d 660 [2002]; People v Rivera, 96 NY2d 749 [2001]; see also United States v Reyes, 18 F3d 65, 70-71 [1994]). Moreover, this evidence was directly relevant to issues raised by defendant at trial. In any event, any error in receiving this evidence was harmless (see People v Crimmins, 36 NY2d 230 [1975]).
Defendant did not preserve his claim that he was constitutionally entitled to introduce, on redirect examination, a prior statement of a defense witness, and to pursue a particular line of questioning (see People v Lane, 7 NY3d 888, 889 [2006]), and we decline to review it in the interest of justice. As an alternative holding, we find that the proposed evidence did not satisfy the requirements for impeaching one’s own witness by proof of a prior contradictory statement (see CPL 60.35 [1]), and that defendant was not prejudiced by the court’s ruling because he was still permitted to pursue a closely related line of questioning, and was able to convey the desired information to the jury. In any event, any error in this regard was likewise harmless.
The court lawfully imposed consecutive sentences for the robbery, kidnapping and conspiracy convictions because defendant committed these crimes through separate and distinct acts (see People v McKnight, 16 NY3d 43, 48-49 [2010]).
We reject defendant’s contention that the sentencing court denied him due process by considering the allegations of a sworn criminal felony complaint without sufficiently ascertaining the complaint’s reliability. Defendant was afforded sufficient opportunity to contest the facts upon which the court relied but never expressly contended that the allegations in the complaint were materially untrue (see People v Hansen, 99 NY2d 339, 346 [2003]). Moreover, defense counsel’s statements and defendant’s unsolicited outbursts during the sentencing proceeding provided the court with a sufficient basis for concluding that the complaint’s allegations were based on reliable and accurate information.
*640 We perceive no basis for reducing defendant’s aggregate sentence.
We decline to revisit this Court’s prior order (2013 NY Slip Op 95690[U] [decided Apr. 9, 2013]), made after its in camera examination of the sealed materials, which denied defendant’s motion to unseal the search warrant affidavit and documents or transcripts related to the warrant application.
Concur—Tom, J.E, Moskowitz, DeGrasse, Richter and Kapnick, JJ.