■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERWYN DALY, Appellant. [33 NYS3d 266]—

Judgment, Supreme Court, New York County (Jill Konviser, J.), rendered June 14, 2013, convicting defendant, after a jury trial, of three counts each of robbery in the first and second degrees, and sentencing him to an aggregate term of 17 years, unanimously affirmed.

Defendant's claim that his right of confrontation was violated by the testimony of a DNA expert who prepared reports documenting the match between defendant's DNA and DNA found at the crime scenes, and referred to data gathered by nontestifying analysts, is unpreserved and we decline to review it in the interest of justice. When, at the outset of the analyst's testimony, the court inquired whether there was a Confronta-

tion Clause issue, defense counsel remained silent, and he did not object to any DNA evidence on constitutional or other grounds, or request that the People call any other analysts. Although counsel cross-examined the witness about the fact that he did not perform all the steps in the DNA analysis, this was for the purpose of undermining the jury's confidence in the DNA evidence, and it did not raise any legal issue for determination by the court (*see e.g. People v Johnson*, 117 AD3d 637, 639 [1st Dept 2014]; *People v Rios*, 102 AD3d 473, 474 [2013], *lv denied* 20 NY3d 1103 [2013]). We decline to decide whether, by way of "independent analysis" or otherwise, this witness possessed the "requisite personal knowledge" to satisfy the requirements of *People v John* (27 NY3d 294, 313-315 [2016]).

The court properly exercised its discretion in denying defendant's request for an adverse inference instruction regarding DNA-related physical evidence that was rendered unavailable by flooding of the storage facility during Hurricane Sandy, since that is not the type of loss that can be attributed to the People (*see People v Austin*, 134 AD3d 559 [1st Dept 2015]). Moreover, there had been no defense request for this evidence.

Defendant's claim that his counsel rendered ineffective assistance by failing to seek independent testing of the DNA material is unreviewable on direct appeal because it involves matters not reflected in, or fully explained by, the record (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claim may not be addressed on appeal.

Defendant's challenge to the prosecutor's summation is unpreserved because, to the extent defendant objected to the remarks at issue, he received all of the relief he requested from the court, and we decline to review this claim in the interest of justice. As an alternative holding, we find that the court's curative actions were sufficient and that the remarks did not deprive defendant of a fair trial. Concur—Tom, J.P., Friedman, Richter, Kapnick and Gesmer, JJ.