■ The People of the State of New York, Respondent, v Gregory Thompson, Appellant. [38 NYS3d 192]—

Judgment, Supreme Court, Bronx County (Judith Lieb, J.), rendered February 28, 2013, convicting defendant, after a jury trial, of manslaughter in the first degree, and sentencing him to a term of 23 years, affirmed.

The court properly declined to impose any sanction for the loss, due to the flooding of a police storage facility in Hurricane Sandy, of a knife that defendant claims to be exculpatory material under *Brady v Maryland* (373 US 83 [1963]). The loss of evidence as the result of a natural disaster cannot be attributed to the People (*People v Daly*, 140 AD3d 593, 594 [1st Dept 2016]; *People v Austin*, 134 AD3d 559 [1st Dept 2015], *lv granted* 2016 NY Slip Op 63709[U] [1st Dept 2016]). In any event, defendant has not established that the knife, as a piece of physical evidence, was exculpatory. Although there was an issue as to whether this knife, which was found in defendant's room, could have caused any of the numerous stab wounds sustained by the victim, photographs of the knife, which clearly demonstrated its dimensions, were admitted at trial, and defendant has not shown that the knife itself would have had any additional value. Moreover, there was overwhelming evidence of guilt, including a detailed confession, as well as DNA evidence showing that the knife at issue was at least one of the weapons used against the victim, and there is no reasonable possibility that the physical availability of the knife at trial would have resulted in a more favorable verdict.

Defendant did not preserve his claim that he was entitled to a mistrial or the striking of certain testimony based on his detrimental reliance on the prosecutor's pretrial disclosure, which proved inaccurate, that the medical examiner's testimony would be entirely exculpatory on the issue of whether any of the wounds were compatible with the knife recovered from defendant's room. Although defendant took issue with the medical examiner's testimony on other specific grounds, he did not raise the particular ground asserted here. We decline to review defendant's unpreserved claim in the interest of justice. As an alternative holding, we find that although the prosecutor erred in belatedly disclosing that the medical examiner's testimony would be less exculpatory than had been previously represented, the error was harmless in light of the overwhelming evidence of guilt.

We have considered defendant's remaining issues and find them unavailing. Concur—Friedman, J.P., Saxe, Moskowitz and Kahn, JJ.

Gische, J., concurs in a separate memorandum as follows: I join with the majority's analysis with respect to those issues concerning the prosecutor's inaccurate pretrial disclosure regarding the medical examiner's testimony. I write separately, concurring in the result only, on the issues regarding the loss of evidence under the control of the People. I reject the broad conclusion that, as a matter of law, the loss of evidence during Hurricane Sandy cannot ever be attributed to the People (*People v Austin*, 134 AD3d 559, 563-569 [1st Dept 2015, Gische, J., dissenting], *lv granted* 2016 NY Slip Op 63709[U] [1st Dept 2016, Gische, J.]). Nonetheless I agree with the majority that the requested remedy of a mistrial was not available under the circumstances of this case (*People v Kelly*, 62 NY2d 516, 521 [1984]). Moreover, the remedy of an adverse jury instruction was never requested (*People v Handy*, 20 NY3d 663, 669 [2013]). Additionally, even apart from the lost knife and sweatshirt, there was overwhelming evidence of defendant's guilt.