THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRES SUAREZ, Appellant. [52 NYS3d 80]—

Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered March 19, 2013, as amended April 4, 2013, convicting defendant, after a jury trial, of predatory sexual assault, rape in the first degree, burglary in the first degree as a sexually motivated felony, burglary in the first degree, at-

tempted rape in the first degree and sexual abuse in the first degree, and sentencing him to an aggregate term of 25 years to life, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating the convictions of rape in the first degree and burglary in the first degree as inclusory concurrent offenses of the convictions of predatory sexual assault and burglary in the first degree as a sexually motivated felony, respectively, and otherwise affirmed.

Defendant did not preserve his hearsay and Confrontation Clause challenges to testimony by a forensic witness, based solely on paperwork he received, regarding the specific location in the victim's apartment building where a cigarette butt containing defendant's DNA had been found, and we decline to review it in the interest of justice. "We note that where a defect may be readily corrected by calling additional witnesses or directing the People to do so, requiring a defendant to call the defect to the court's attention at a time when the error complained of could readily have been corrected serves an important interest" (*People v Rios*, 102 AD3d 473, 474-475 [1st Dept 2013], *lv denied* 20 NY3d 1103 [2013] [internal quotation marks and citation omitted]). As an alternative holding, we find that this testimony was inadmissible, but that the error was harmless under the standards for constitutional and nonconstitutional error (*see People v Crimmins*, 36 NY2d 230 [1975]). The only issue at trial was whether the sexual activity was forcible or consensual. Although the location of the cigarette butt had some bearing on the credibility of defendant's testimony, and although no one with personal knowledge testified about where the butt was recovered, there was overwhelming evidence of force, including powerful prompt-outcry evidence, and there is no reasonable possibility that the offending testimony contributed to the verdict.

Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]). Defendant has not shown that any of counsel's alleged deficiencies fell below an objective standard of reasonableness, or that, viewed individually or col-

lectively, they deprived defendant of a fair trial or affected the outcome of the case. We do not find that the above-discussed lack of preservation may be excused on the ground of ineffective assistance.

We perceive no basis for reducing the sentence. Concur— Richter, J.P., Mazzarelli, Kahn and Gesmer, JJ.