■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAIME LOPEZ-MENDOZA, Appellant. [65 NYS3d 519]—

Judgment, Supreme Court, New York County (Jill Konviser, J.), rendered February 15, 2011, as amended February 22, 2011, convicting defendant, after a jury trial, of rape in the first degree, and sentencing him to a term of 15 years, unanimously affirmed.

Assuming without deciding that the introduction of DNA reports and related expert testimony violated defendant's right of confrontation, the admission of the testimony and reports was harmless beyond a reasonable doubt (*see People v Douglas*, 4 NY3d 777, 779 [2005]; *People v Crimmins*, 36 NY2d 230, 240-241 [1975]). The DNA evidence established only that defendant had subjected the complainant to sexual contact—a fact defendant admitted when he told the arresting officer that he had sex with the complainant.

Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998, 999-1000 [1982]). Defendant asserts that his trial counsel failed to adequately review video surveillance evidence that the People turned over before trial. As a result of this failure, defendant argues, trial counsel promised the jury in his opening statement that defendant would testify, but when it became apparent that the video surveillance would have refuted defendant's testimony, counsel reversed course and did not put his client on the stand.

Despite defendant's contentions to the contrary, we cannot conclude simply by reviewing the trial record that trial counsel was ineffective (*Love*, 57 NY2d at 1000). The brief exchange in which the video surveillance was discussed by trial counsel, the People, and the trial court is insufficient to establish that

trial counsel promised defendant's testimony in his opening statement because he did not adequately review the video surveillance before trial. In addition, while defendant notes that he was offered a sentence of five years incarceration by the trial court before starting pretrial hearings, the record before us is insufficient to determine whether trial counsel's alleged error caused defendant to reject that offer.

The trial court properly admitted carpet fiber evidence, because the circumstances provide "reasonable assurances" that the carpet sample that was used to compare to the fibers found on defendant's pants were from the same carpet that was in the room at the time of the incident (*see People v Julian*, 41 NY2d 340, 343 [1977]). Defendant's argument to the contrary is speculative, and at best goes to weight rather than admissibility.

Defendant's challenge to the prosecutor's summation is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we find that the remarks at issue did not constitute comment on defendant's failure to testify.

We perceive no basis for reducing the sentence. Concur— Friedman, J.P., Richter, Moskowitz and Gesmer, JJ.