People v Williams (2018 NY Slip Op 00910)





People v Williams


2018 NY Slip Op 00910


Decided on February 8, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 8, 2018

Friedman, J.P., Sweeny, Kahn, Gesmer, Singh, JJ.


5660 3445/08

[*1]The People of the State of New York, Respondent,
v
Cadman Williams, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Susan H. Salomon of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (T. Charles Won of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Dominic R. Massaro, J.), rendered August 27, 2015, convicting defendant, after a jury trial, of manslaughter in the first degree and criminal possession of a weapon in the second degree, and sentencing him to an aggregate term of 20 years, unanimously affirmed.
Defendant's challenges to the court's justification charge are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal. The charge, viewed as a whole, conveyed the correct principles of law as applied to the particular facts, with regard to the issues of whether defendant used excessive force (see People v Del-Debbio, 244 AD2d 195, 195 [1st Dept 1997], lv denied 91 NY2d 925 [1998]), and whether he was the initial aggressor (see People v Valentin, 29 NY3d 57, 62 [2017]). Nothing in the charge prevented the jury from fairly assessing defendant's justification defense under the facts presented.
To the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]).
Defendant did not preserve his Confrontation Clause challenge to testimony by a forensic witness, based solely on test results conducted by others, that defendant's DNA may have been on the revolver used in this homicide, and we decline to review this claim in the interest of justice. "We note that where a defect may be readily corrected by calling additional witnesses or directing the People to do so, requiring a defendant to call the defect to the court's attention at a time when the error complained of could readily have been corrected serves an important interest" (People v Rios, 102 AD3d 473, 474-475 [1st Dept 2013], lv denied 20 NY3d 1103 [2013] [internal quotation marks and citation omitted]). As an alternative holding, we find that this testimony was inadmissible, but that the error was harmless (see People v Crimmins, 36 NY2d 230 [1975]). The DNA evidence was only relevant to the issue of defendant's identity as the person who shot the deceased. However, identity was both uncontested at trial and established by various other evidence (see e.g. People v Lopez-Mendoza, 155 AD3d 526, 526 [1st Dept 2017]; People v Suarez, 148 AD3d 606, 607 [1st Dept 2017], lv denied 29 NY3d 1037 [2017]).
We have considered and rejected defendant's arguments concerning low copy number and forensic statistic tool DNA evidence (see People v Gonzalez, 155 AD3d 507 [1st Dept 2017]), and an incriminating phone call that defendant made while incarcerated (see People v Cisse, 149 AD3d 435, 436 [1st Dept 2017], lv granted 29 NY3d 1124 [2017]). As noted, additional cumulative evidence on the uncontested issue of identity added nothing to the People's case, so that had there been any error it would have been harmless. We find unpersuasive [*2]defendant's suggestion that he may have chosen to concede identity and present a justification defense because of the presence of allegedly inadmissible evidence bearing on identity.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 8, 2018
CLERK