People v Huddleston (2018 NY Slip Op 02923)





People v Huddleston


2018 NY Slip Op 02923


Decided on April 27, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, CURRAN, AND WINSLOW, JJ.


176 KA 15-00972

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TIYHISE HUDDLESTON, JR., DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (SARA A. GOLDFARB OF COUNSEL), FOR DEFENDANT-APPELLANT.
TIYHISE HUDDLESTON, JR., DEFENDANT-APPELLANT PRO SE.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (NICOLE K. INTSCHERT OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered February 19, 2015. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of criminal possession of a controlled substance in the fourth degree (Penal Law § 220.09 [1]), defendant contends in his pro se supplemental brief that County Court erred in refusing to suppress the evidence obtained by the police following the stop of the vehicle in which he was a passenger. We reject that contention.
As defendant correctly concedes, the police properly stopped the vehicle for a violation of Vehicle and Traffic Law § 375 (1) (b) (i) and, regardless of whether the stop was pretextual, it was lawful inasmuch as the police had probable cause to believe that the driver of the vehicle had committed a traffic violation (see People v Pealer, 89 AD3d 1504, 1506 [4th Dept 2011], affd 20 NY3d 447 [2013], cert denied 571 US &mdash, 134 S Ct 105 [2013], rearg denied 24 NY3d 993 [2014]).
Following the lawful stop of the vehicle, the police determined that neither the driver nor defendant had a valid driver's license. "At that point, the [police] had a reasonable suspicion either that the vehicle had been operated by an unlicensed driver, or that the vehicle was soon going to be operated by an unlicensed driver, and thus its . . . towing was lawful" (People v Witt, 129 AD3d 1449, 1450 [4th Dept 2015], lv denied 26 NY3d 937 [2015]; see People v Wilburn, 50 AD3d 1617, 1618 [4th Dept 2008], lv denied 11 NY3d 742 [2008]; People v Cochran, 22 AD3d 677, 677 [2d Dept 2005], lv denied 6 NY3d 753 [2005]). Contrary to defendant's contention, given the terms of the police department's written policy that was received in evidence at the suppression hearing and the testimony of one of the police officers that the decision to tow the vehicle was made in accordance with that policy, which we note was in conformance with applicable law (see generally Witt, 129 AD3d at 1450; Wilburn, 50 AD3d at 1618), we conclude that the officers' decision to tow the vehicle was lawful (see People v Tardi, 28 NY3d 1077, 1078-1079 [2016]; People v Gabriel, 155 AD3d 1438, 1440-1441 [3d Dept 2017]). Moreover, "[t]he record does not support defendant's contention that the [corresponding] inventory search was a mere pretext to uncover incriminating evidence; rather, the testimony established that the [officers'] intention for the search was to inventory the items in the vehicle' " (People v Morman, 145 AD3d 1435, 1436 [4th Dept 2016], lv denied 29 NY3d 999 [2017], quoting People v Padilla, 21 NY3d 268, 273 [2013], cert denied 571 US &mdash, 134 S Ct 325 [2013]).
Defendant further contends in his pro se supplemental brief that suppression is warranted because an officer's trial testimony established for the first time that defendant was subjected to an illegal pat frisk, which unreasonably prolonged his detention and revealed no evidence of criminality. That contention is not properly before us. " Where, as here, the defendant fails to move to reopen a suppression hearing, he or she may not rely upon the trial testimony to challenge the suppression ruling' " (People v Mosca, 294 AD2d 938, 939 [4th Dept 2002], lv denied 99 NY2d 538 [2002]; see People v Gonzalez, 55 NY2d 720, 721-722 [1981], rearg denied 55 NY2d 1038 [1982], cert denied 456 US 1010 [1982]). Defendant's contention that the police otherwise unreasonably prolonged the traffic stop is not preserved for our review because he did not raise his contention before the suppression court (see CPL 470.05 [2]). In any event, we conclude that defendant's contention lacks merit inasmuch as there is no evidence that the police " inordinately prolong[ed] the detention beyond what was reasonable under the circumstances' " (People v Hale, 130 AD3d 1540, 1541 [4th Dept 2015], lv denied 26 NY3d 1088 [2015], reconsideration denied 27 NY3d 998 [2016]; see People v Rainey, 49 AD3d 1337, 1339 [4th Dept 2008], lv denied 10 NY3d 963 [2008]; cf. People v Banks, 85 NY2d 558, 562-563 [1995], cert denied 516 US 868 [1995]; People v Porter, 136 AD3d 1344, 1345 [4th Dept 2016]).
We reject defendant's contention in his main and pro se supplemental briefs that he was denied effective assistance of counsel. We conclude that defendant did not meet his burden of establishing "that his attorney failed to provide meaningful representation' that compromised his right to a fair trial' " (People v Pavone, 26 NY3d 629, 647 [2015]). To the extent that defendant's claims of ineffective assistance of counsel in his main brief involve matters outside the record, they must be raised by way of a motion pursuant to CPL article 440 (see People v Lopez-Mendoza, 155 AD3d 526, 526-527 [1st Dept 2017]; People v Murray, 154 AD3d 881, 882-883 [2d Dept 2017], lv denied 30 NY3d 1118 [2018]).
Defendant failed to preserve for our review his contention in his main brief that the court in sentencing him penalized him for exercising his right to a trial, "inasmuch as [he] failed to raise that contention at sentencing" (People v Stubinger, 87 AD3d 1316, 1317 [4th Dept 2011], lv denied 18 NY3d 862 [2011]; see People v Pope, 141 AD3d 1111, 1112 [4th Dept 2016], lv denied 29 NY3d 951 [2017]). In any event, that contention lacks merit. " Given that the quid pro quo of the bargaining process will almost necessarily involve offers to moderate sentences that ordinarily would be greater, it is also to be anticipated that sentences handed out after trial may be more severe than those proposed in connection with a plea' " (People v Martinez, 26 NY3d 196, 200 [2015]). Here, contrary to defendant's contention, "[t]here is no evidence that defendant was given the lengthier sentence solely as a punishment for exercising his right to a trial" (People v Aikey, 94 AD3d 1485, 1486 [4th Dept 2012], lv denied 19 NY3d 956 [2012] [internal quotation marks omitted]; see Pope, 141 AD3d at 1112). Finally, the sentence is not unduly harsh or severe.
Entered: April 27, 2018
Mark W. Bennett
Clerk of the Court