People v Khan (2025 NY Slip Op 02293)

People v Khan

2025 NY Slip Op 02293

Decided on April 22, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 22, 2025

Before: Webber, J.P., Friedman, González, Shulman, Rosado, JJ. 

Ind. No. 5368/15|Appeal No. 4153|Case No. 2018-3602|

[*1]The People of the State of New York, Respondent,
v
Farhan Khan, Defendant-Appellant.

Caprice R. Jenerson, Office of The Appellate Defender, New York (Sean Nuttall of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Alexander Michaels of counsel), for respondent.

Judgment, Supreme Court, New York County (Daniel Conviser, J.), rendered June 20, 2017, as amended July 6, 2017, convicting defendant, after a bench trial, of predatory sexual assault (four counts) and kidnapping in the second degree, and sentencing him to an aggregate term of 14 years to life, unanimously affirmed.
Defendant did not preserve his Confrontation Clause challenge to admission of DNA evidence by a forensic witness, and we decline to review it in the interest of justice. "We note that where a defect may be readily corrected by calling additional witnesses or directing the People to do so, requiring a defendant to call the defect to the court's attention at a time when the error complained of could have been readily corrected serves an important interest" (see People v Suarez, 148 AD3d 606, 607 [1st Dept 2017], lv denied 29 NY3d 1037 [2017], quoting People v Rios, 102 AD3d 473, 474-475 [1st Dept 2013], lv denied 20 NY3d 1103 [2013]). As an alternative holding, we find that even if the testimony was inadmissible, the error was harmless (see People v Crimmins, 36 NY2d 230 [1975]). Although the DNA evidence indicated that penetration had occurred, penetration was not an element of the crime, and the victim's highly credible testimony, without more, established the requisite contact had occurred.
The court providently exercised its discretion in declining to conduct an inquiry or give an adverse inference charge when it learned that during two breaks that the victim took to compose herself during cross-examination, she was in the jury room with her sister, who subsequently testified (see generally People v Baker, 14 NY3d 266, 274 [2010]). To the extent that the contact between the sisters raised concerns of prejudice, the court took notice of the fact that the sisters had been in the jury room together, and allowed defendant to argue in summation, based on that fact, that the witnesses were not credible. Further, since the victim's sister testified on cross-examination that she had not discussed with the victim "any of what happened in court yesterday or the day before," no additional inquiry was necessary. In any event, the victim's testimony focused on defendant's violent sexual conduct, and her sister's testimony focused on her efforts to find the victim. Neither sister had knowledge of most of the facts pertinent to the other sister's testimony, and for the most part, they could not have corroborated each other's accounts.
Defendant did not preserve his claim that he was entitled to elicit from the victim's sister his own hearsay statement pursuant to his constitutional right to present a defense (see People v Lane, 7 NY3d 888, 889 [2006]; People v Cruz, 213 AD3d 502, 503 [1st Dept 2023], lv denied 40 NY3d 927 [2023]), and we decline to review it in the interest of justice. As an alternative holding, we would find that defendant had no constitutional right to introduce his own self-serving statement made to the police  "She's an [*2]escort [referring to the victim]. The escort service is fetish friendly"  which lacked sufficient indicia of reliability (see People v Robinson, 89 NY2d 648, 650 [1997]; People v Jones, 4 AD3d 209, 210 [1st Dept 2004], lv denied 2 NY3d 801 [2004]). The People did not open the door to defendant's statement, where there was nothing misleading in the victim's sister's testimony that upon seeing her sister bound and in tears, she was overcome with rage and tried to kick defendant (see generally People v Massie, 2 NY3d 179 [2004]). Contrary to defendant's assertion, the statement was not a declaration against penal interest or relevant to show his state of mind (see People v Oguendo, 305 AD2d 140, 141 [1st Dept 2003], lv denied 100 NY2d 597 [2003]), and did not fall within any other exception to the hearsay rule.
The court correctly declined to submit attempted first-degree criminal sexual act as a lesser included offense of the predatory sexual assault count pertaining to anal sexual conduct. There was no reasonable view of the evidence, viewed in the light most favorable to the defendant, under which defendant committed the lesser crime but not the greater (see People v Rivera, 23 NY3d 112, 120-121 [2014]). A finding that defendant was entitled to submission of the lesser offense would have necessitated an impermissible "selective dissection of the integrated testimony of a single witness" (People v Scarborough, 49 NY2d 364, 373 [1980]).
Defendant's claim that his counsel rendered ineffective assistance by failing to request submission of other lesser included offenses is unreviewable on direct appeal because it involves matters not reflected in, or fully explained by, the record (see People v Love, 57 NY2d 998, 999-1000 [1982]). Since defendant has not made a CPL 440.10 motion, the merits of this claim may not be addressed on appeal. In the alternative, to the extent that the existing record permits review, we find that defendant received effective assistance under state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Defendant has not shown that he was entitled to such submission or that there is a reasonable possibility that such submission would have affected the outcome of the case.
Finally, the court did not improperly rely on unverified, hearsay statements in imposing sentence. The court acknowledged that the messages were double hearsay and that their reliability had not been established, and made clear that it took into account a wide variety of factors in its sentencing determination, including the victim's credible testimony.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 22, 2025